IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sherrick Halsey, #278050, ) | C/A No. 0:08-4027-TLW-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This is an action seeking relief allegedly pursuant to the All Writs Act, 28 U.S.C. § 1651. The petitioner, proceeding *pro se*, is incarcerated at the Tyger River Correctional Institution, a facility of the South Carolina Department of Corrections. The petitioner requests permission to file a § 2254 habeas petition before exhausting state court remedies. He also seeks a writ of mandamus against South Carolina law enforcement agencies to compel them to drop charges against Katrina Keener and a writ of mandamus to compel the PCR judge to issue a prompt ruling in his PCR case and to refrain from taking more evidence in the matter. This action should be summarily dismissed for failure to state a claim upon which relief may be granted.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case.[1] The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following

---

[1]This action is in the nature of a habeas action, and, therefore, the Prison Litigation Reform Act fee provisions were not applied. Although certain portions of the petition could have been construed as a § 1983 action, because those claims were filed in relation to the petitioner's request for permission to file a § 2254 action without exhausting state remedies, the crux of the action sounds in habeas.

precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The court is required to construe *pro se* petitions liberally.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, an d a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true.  Hughes, 449 U.S. at 9.  Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

It appears that the petitioner was convicted in the State Court of General Sessions in 2001 for armed robbery, and he received a twenty-year sentence.  See South Carolina Department of Corrections—Inmate Search, https://sword.doc.state.sc.us/incarceratedInmateSearch/ (search "SCDC ID" for "278050") (last visited March 11, 2009).[2]  The petitioner alleges that he filed his post-conviction relief ("PCR") application in state court in 2003 and that an evidentiary hearing was held on

---

[2]The court may take judicial notice of factual information located in postings on government websites.  See In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

February 26, 2008.  He alleges that testimony and exhibits were introduced and that a supplemental evidentiary hearing was held on March 18, 2008, where additional testimony and exhibits were introduced.  The petitioner alleges that Judge Goode, the PCR judge, announced that he would take the matter under consideration and issue a ruling.  On September 26, 2008, the petitioner received a letter from his attorney who advised him that Judge Goode had subpoenaed another witness from the West Virginia area.  The letter informed the petitioner that a witness from his PCR hearing had been charged with perjury.  The petitioner explains that Katrina Keener was the state's chief witness against him during his criminal trial and that the state relied on her testimony to secure his conviction.  He alleges that Katrina Keener later testified during the PCR proceeding that Chester County law enforcement "illegal tampered" with her and used "clandestine activities" to bring about the petitioner's conviction.  Petitioner alleges that Katrina Keener testified truthfully during the PCR hearing about the police officers' illegal tactics and, as a result, Chester County law enforcement is retaliating against her with "fabricated perjury charges."

The petitioner alleges that his due process rights are being violated due to the PCR judge taking more than ten months to issue a ruling in his PCR case and because the judge intends to re-open the record, without a motion, to take more evidence after the record was closed.  Petitioner argues that he cannot file any viable motions in South Carolina courts so his only avenue for relief is in this court. He argues that "appeallatewise (sic), the Petitioner is stuck in limbo and the PCR judge is keenly aware of this."  Further, he states that usually PCR rulings come within 30 to 45 days after the conclusion of the evidentiary hearing and that a ten-month delay, as in his case, is highly extraordinary.  He appears to argue that the delay is prejudicial because the delay gives the Chester County law enforcement more time to seek retribution against Katrina Keener, whose testimony



will be necessary for his defense if he obtains a new trial. The petitioner appears worried that Katrina Keener will no longer testify in his favor due to the alleged retribution against her.

The petitioner apparently seeks three things: (1) an order by the court to permit him to file his habeas § 2254 petition without exhaustion of state remedies and to bar the state from raising defenses based upon failure to exhaust and procedural defenses; (2) an order to "prohibit the law enforcement agencies of South Carolina from pursuing fabricated perjury charges against" Katrina Keeler; and (3) an order compelling the PCR judge to issue a prompt ruling in his PCR case and to refrain from taking more evidence in the matter. Petitioner asserts that the extraordinary writ is appropriate and that no other remedial relief exists.

## DISCUSSION

The petitioner requests permission to file a § 2254 habeas petition admittedly while his PCR action is pending in state court. However, this court may not give an advisory opinion.[3] The petitioner did not actually submit a habeas petition pursuant to 28 U.S.C. § 2254. "Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy." Incumaa v. Ozmint, 507 F.3d 281, 289 (4th Cir. 2007). Federal courts must decide live controversies and must avoid giving advisory

---

[3]If the petitioner's pending application for post-conviction relief is denied by a Court of Common Pleas in the future, the petitioner must seek appellate review in the South Carolina courts or federal collateral review of the grounds raised in his application for post-conviction relief may be barred by a procedural default. See Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the State's established appellate review process by presenting the ground for relief in a face-up and square fashion).

opinions on abstract propositions of law.  Id. at 287.  The petitioner does not explain any of his alleged grounds for habeas relief related to his criminal prosecution for armed robbery in state court.  This court may only surmise that Katrina Keener's testimony may be related to his claims.  Clearly, the plaintiff intends to file a § 2254 habeas petition in the future based on grounds unknown to this court.  Exhaustion is statutorily required by 28 U.S.C. § 2254 with limited exceptions.  A state may waive the exhaustion requirement.  See 28 U.S.C. § 2254(b)(1)(B) and § 2254(b)(2) and (3).  This court should not issue an advisory opinion concerning whether an exception to the exhaustion requirement may apply.  If the petitioner actually files a § 2254 habeas petition in this court without exhausting his available state court remedies, then the United States District Court will have to determine whether the petition should be decided on the merits or dismissed until the claims are exhausted.[4]

Additionally, this action appears to seek a writ of mandamus against the South Carolina law enforcement agencies to compel them to drop charges against Katrina Keener.  The petitioner also appears to seek a writ of mandamus to compel the PCR judge to issue a prompt ruling in his pending PCR action and to refrain from taking more evidence in the matter.  A writ of mandamus is issued only in the rarest of circumstances, and it is a drastic remedy.  United States v. Sosa, 364 F.3d 507, 511 (4th Cir. 2004); In Re: Lockheed Martin Corp., 503 F.3d 351 (4th Cir. 2007).  In Sosa, the United States Court of Appeals for the Fourth Circuit explained that when a litigant seeks mandamus relief he

---

[4]"It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas.  Claims not so raised are considered defaulted." Beard v. Green, 523 U.S. 371, 375 (1998) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)); see Woodford v. Ngo, 548 U.S. 81 (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'").

must show that "'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.'" Id.; see also In re Pruett, 133 F.3d 275, 281 (4th Cir. 1997). The petitioner in this case has other adequate means to correct any inappropriate actions or failure to act by the state PCR judge—appellate review in the South Carolina courts. Further, a motion for writ of mandamus filed in the South Carolina Supreme Court against a judge may be appropriate in very limited circumstances. See City of Rock Hill v. Thompson, 563 S.E.2d 101, 102 (S.C. 2002) (the Supreme Court could direct a judge to rule on a pending motion). However, the United States District Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders under these circumstances. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969); In re Leo Lionel Payne, No. 08-1788, 2008 WL 5207317 at *1 (4th Cir. Dec. 12, 2008). Accordingly, to the extent this action seeks a writ of mandamus against a South Carolina judge or South Carolina law enforcement official, it should be dismissed for failure to state a claim upon which relief may be granted.

To the extent that the petitioner seeks to have this court interfere with perjury charges allegedly brought in state court against Katrina Keener, the petitioner cannot have this court prosecute, or not prosecute, criminal charges against a person because "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. Bordenkircher v.

Hayes, 434 U.S. 357, 364 (1978); see also United States v. Giannattasio, 979 F.2d 98, 100 (7th Cir. 1992). Accordingly, the relief the plaintiff seeks, nonprosecution of a victim or eyewitness, has no basis in law.

## RECOMMENDATION

Accordingly, the court recommends that the petition in the above-captioned case be dismissed without prejudice and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 11, 2009
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).